UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LABELLA CATERING, INC., ETC.                CIVIL ACTION

VERSUS                                                        NO. 06-4164

ST. PAUL FIRE & MARINE INSURANCE       SECTION "C" (3)
CO., ETC., ET AL

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by LaBella Catering, Inc. Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

There are two remaining issues in this diversity action.[1] The first is whether the non-diverse defendants are fraudulently joined, and the second whether the jurisdictional minimum existed at the time this matter was removed from state court.

**Improper joinder**

The plaintiff sues two non-diverse defendants, Harry Kelleher & Co. ("Kelleher"),

---

[1] The defendants no longer rely on subject matter jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369 ("MMTJA"), which this Court has ruled inapplicable in Katrina cases such as this. Fidelity Homestead Assn. v. Hanover Insurance Co., 2006 WL 2873562 (E.D.La.).

1

an insurance brokerage and its agent, Jerry Ryder ("Ryder"), for failure to procure sufficient insurance, for failure to properly assist the plaintiff during the claims process, which caused damages in addition to those under the policy due to the insurers' actions and inactions. (Rec. Doc. 1, Exh. B, ¶¶ VII - VIII). The plaintiff argues that in this matter, these defendants undertook the affirmative duty of providing the appropriate insurance and they also undertook to hire a financial consultant for the plaintiff to sue in conjunction with the claim presentation. The plaintiff also argues that these defendants may also have known before this suit that the defendant Charter Oak Fire Insurance Company ("Charter Oak") was a poor choice as an insurer based on its history of bad faith. Charter Oak argues that neither Kelleher nor Ryder owed duties to independently advise or assist a client with regard to insurance. Charter Oak also argues that the plaintiff can not establish that the in-state defendants' alleged actions were a cause of damages.

"The burden of persuasion placed upon those who cry `fraudulent [improper] joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). The removing party must demonstrate that there is no possibility that the plaintiffs would be able to establish a cause of action against the non-diverse defendants in state court. Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994). This, "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be

able to recover against an in-state defendant.." <u>Smallwood v. Illinois Central Railroad Co.</u>, 385 F.3d 568, 572 (5th Cir. 2004)(en banc).  See also <u>Melder v. Allstate Corp</u>, 404 F.3d 328,330 (5th Cir. 2005)(""[A]t issue is whether Defendants have established there is no reasonable basis Plaintiffs might be able to recover under Louisiana state law against the non-diverse defendant ..."   A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder.  <u>Smallwood</u>, 385 F.3d at 572.

The Court's determination can be made in two ways: (1) by undertaking a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim against the in-state defendant or (2) where a claim has been stated but mistated or omitted discrete facts determinative of the propriety of joinder,  minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."   <u>Id.</u>   "[T]he inability of the to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."  <u>Id.</u>

Under Louisiana law, an insurance agent has a duty to use reasonable diligence in placing the insurance requested, to advise regarding recommended coverage and gaps in coverage and to promptly notify the client if it fails to obtain the requested insurance. <u>Offshore Production Contractors, Inc. v. Republic Underwriters Insurance Co.</u>, 910 F.2d

3

224 (5th Cir. 1990); <u>Karam v. St. Paul Fire & Marine Insurance Co.</u>, 281 So.2d 728 (La. 1973); <u>Graves v. State Farm Mutual Auto Insurance Co.</u>, 821 So.2d 769 (La. App. 3d Cir. 2002); <u>Cambre v. Travelers Indemnity Co.</u>, 404 So.2d 511 (La. App. 4th Cir. 1982).  See also <u>Southern Athletic Club, LLC v. Hanover Insurance Co.</u>, 2006 WL 2583406 (E.D.La.)(J. Lemmon). Charter Oak recognizes that an agent can assume additional duties, such as those alleged by the plaintiff.  (Rec. Doc. 9, p. 6).   <u>Graves</u>, <u>supra</u>.

Charter Oak supports its argument with <u>Tomlinson v. St. Paul Fire & Marine Insurance Co.</u>, Civ. Act. 06-3273 "F" (E.D.La. Sept. 12, 2006), in which Judge Feldman found that the non-diverse broker and agent did not assume an additional duty to assist and did not cause the plaintiff's damages.   Charter Oak presents two affidavits to support their burden on this issue.  The first affidavit is of an employee of Travelers (apparently St. Paul Travelers Insurance Company),  indicating that the plaintiff's policy was amended to add business interruption coverage on July 22, 2005.  The second affidavit is signed by a manager of St. Paul Travelers attaching a letter from James P. Ledoux ("Ledoux")  that "purports" to value the plaintiff's business interruption loss.  That affiant further states that the plaintiff "engaged" Ledoux.  The attached letter from Ledoux is directed to St. Paul Travelers "at your request."

Unlike the situation presented in <u>Tomlinson</u>, <u>supra</u>, the plaintiff here has specifically alleged in its petition that the non-diverse defendants undertook an active

4

role in the claims process and actually "delayed the process by recommending the hiring of a CPA to evaluate the claim who until recently, had produced no settlement nor monies from the insurer, and now has produced a woefully deficient settlement." (Rec. Doc. 1, Exh. 1, ¶ VII.). The involvement of Ledoux, who the plaintiff claims was hired at the instance of the defendants and who the defendants apparently claim was hired by the plaintiff, does not support a finding of improper joinder. The plaintiff also alleges that these defendants provided insurance that "may not contain the coverages [it] advised Kelleher and Ryder were necessary for [its] business." (Rec. Doc. 1, Exh. 1, ¶ VII.). The Court finds that Charter Oak has not demonstrated that there is no possibility that the plaintiffs would be able to establish a cause of action against the non-diverse defendants in state court under these circumstances. [2]

The Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

---

[2]   In light of this finding, the Court does not address the issue whether the minimum jurisdictional amount existed at the time of removal.

Accordingly,

IT IS ORDERED that the motion to remand filed by LaBella Catering, Inc. is GRANTED. (Rec. Doc. 8). This matter is hereby REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this __6th__ day of November, 2006.

```
                                         _____
                                         HELEN G. BERRIGAN
                                         UNITED STATES DISTRICT JUDGE
```